IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID KISSI, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 09-133-JJF |
| PRAMCO II LLC, et al., | : |
| Defendants. | : |

David Kissi, Pro se Plaintiff.  Elkton Federal Correctional Institution, Lisbon, Ohio.

Robert J. Katzenstein, Esquire, Smith, Katzenstein, & Furlow, Wilmington, Delaware.  Attorney for Defendant DLA Piper.

**MEMORANDUM OPINION**

July 14, 2009
Wilmington, Delaware

Farnan, District Judge

Presently before the Court is Defendant DLA Piper US LLP's Motion To Dismiss, Or In The Alterative, To Transfer The Case To The United States District Court For The District Of Maryland. (D.I. 14.) For the reasons set forth below, the Court will grant the Motion To Transfer.

## I. BACKGROUND

Plaintiff, David Kissi, who proceeds pro se, is an inmate at the Elkton Federal Correctional Institution, Lisbon, Ohio. He filed this lawsuit on February 26, 2009, against numerous Defendants, one of whom is DLA Piper US LLP ("Piper"). (D.I. 1.) The Complaint names the same Defendants as those in Kissi v. Pramco II, LLC, Civ. No. 08-833-JJF, a case transferred by this Court on February 5, 2009, to the United District Court for the District of Maryland pursuant to 28 U.S.C. § 1406. (Id. at D.I. 17.)

In the instant case, Plaintiff alleges "this Court has jurisdiction, for creditor, Pramco, an LLC which goes by the name of Pramco with and without one of several alpha numerics following it . . . but all with the same New York headquarters address and residency in Brussels, Belgium, does business in Puerto Rico and has been involved in close to 500 claims (bankruptcy and civil) in Puerto Rico alone against individuals and small businesses similarly situated to Plaintiff et al since

2

2001." It is further alleged that Pramco "bought" a United States Appellate and District Judge in the United States Appellate Court for the Fourth Circuit and the United States District Court for the District of Maryland ("District of Maryland"), respectively.[1] Defendant DLA Piper filed a Motion To Dismiss, Or In The Alterative, Transfer The Case To The United States District Court For The District Of Maryland.  (D.I. 14.) Plaintiff opposes the Motion.  (D.I. 18, 19.)

**II.  STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1391(b), a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C.

---

[1] Plaintiff has been permanently enjoined from filing further frivolous and vexatious litigation. Pramco II, LLC v. Kissi, Civ. No. PJM 03 CV 2241 (D. Md. Oct. 25, 2004).  He has a prolific litigation history, filing cases in the federal courts of Pennsylvania, Maryland, District of Columbia, New York, Delaware, Ohio, Virginia, New Jersey, and California. See U.S. Party-Case Index, http:// pacer.psc. uscourts.gov.

§ 1391(b).

If a case is filed in the wrong court, it may be transferred. Section 1406(a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The Court may only do so, however, if the defendant objects to venue. Henderson v. Keisling, No. 09-1247, 2009 WL 1741506 (3d Cir. June 22, 2009) (citing 28 U.S.C. § 1406(b)).

### III. DISCUSSION

Piper requests transfer of this case, pursuant to 28 U.S.C. § 1391(b), on the grounds that there are no allegations within the Complaint that provide a basis for venue in the District of Delaware. (D.I. 15.) It argues that this Complaint is an attempt to avoid the Order enjoining Plaintiff from filing suits in the District of Maryland unless he first seeks leave. Plaintiff opposes the Motion on the grounds that there is no injunction or requirement that he seek leave for seventy percent of the twenty-nine plus defendants who are lawyers; that the injunction was dissolved; and that if there continues to be a debate then that means there is a genuine dispute that requires a pretrial hearing.

The Court takes judicial notice that the District of

Maryland has permanently enjoined Plaintiff from continuing or instituting any actions in any United States Court which constitute a collateral attack on any Order or Judgment of the District of Maryland. Pramco II, LLC v. Kissi, Civ. No. PJM 03 CV 2241 (D. Md. Oct. 10, 2003; Oct. 25, 2004). Additionally, Plaintiff is required to seek approval prior to the filing of any lawsuit. (Id.)

The Court notes that subsequent to the transfer of Plaintiff's previous case, Civ. No. 08-833-JJF, to the District of Maryland, his Complaint was dismissed. (See Kissi v. Pramco, II, LLC, Civ. No. AW-09-267 (D. Md. Feb. 11, 2009). Contrary to Plaintiff's assertion, the District of Maryland's dismissal Order is clear that the preliminary injunction was not dissolved. In fact, it notes that the presiding judge declined to dissolve the injunction. The District of Maryland found that the transferred case was "a patent attempt by Plaintiff to circumvent the pre-filing injunction." (Id.) It notified Plaintiff that future filings will be reviewed and returned to him without docketing should the District of Maryland deem they implicate the issues or parties included in the pre-filing injunction and that Plaintiff failed to obtain the required prior permission for filing. (Id.)

The Court notes that the caption of the instant Complaint does not refer to the United States District Court for the District of Delaware. In fact, it does not refer to any court.

Curiously, the Conclusion of the Complaint states that "the U.S. District Court in Puerto Rico which has previously considered Pramco related claims is the proper forum for this case. (D.I. 1, conclusion ¶ iii.) The allegations in each Count of the Complaint refer to acts that occurred in the State of Maryland. Additionally, nothing before the Court indicates that a Defendant is located in Delaware. Indeed, Plaintiff provided many of the Defendants' addresses and not one has a Delaware address. Based upon the allegations in the Complaint and addresses contained in Court filings, the Court finds that none of the Defendants reside in this judicial district, none of the Defendants are subject to personal jurisdiction in this district, and no Defendant is found here. Accordingly, the District of Maryland is the only proper venue for this matter.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion To Transfer. **Plaintiff is placed on notice that future filings in this Court in contravention of the District of Maryland's pre-filing injunction may result in entry of a similar pre-filing injunction in this District.**

An appropriate Order will be entered.