IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID KISSI, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 09-133-JJF |
| PRAMCO II LLC, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

## I. BACKGROUND

Plaintiff, David Kissi, who proceeds pro se, is an inmate housed at the Elkton Federal Correctional Institution, Lisbon, Ohio. He filed this lawsuit on February 26, 2009, November 7, 2008, against numerous Defendants, having filed a similar case in this Court on November 7, 2008, Kissi v. Pramco II LLC, Civ. No. 08-833-JJF. (D.I. 2.) On July 14, 2009, the Court ordered this case transferred to the United States District Court for the District of Maryland. (D.I. 29, 30.) Plaintiff now seeks reconsideration of the Order transferring his case. (D.I. 31.)

## II. STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening

change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

### III. DISCUSSION

Plaintiff does not meet the standard for reconsideration as he provides no valid reason for the Court to reconsider its July 14, 2009 Opinion and Order. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff

has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his Motion will be denied.

THEREFORE, IT IS ORDERED that:

1. Plaintiff's Motion for Reconsideration (D.I. 31) is **DENIED**.

2. The Clerk of the Court is **DIRECTED** to forward to the United States District Court for the District of Maryland this Order and all new filings by Plaintiff, including Docket Items 31.

3. Plaintiff is placed on **NOTICE** that future filings will be forwarded to the United States District Court for the District of Maryland and **WILL NOT BE CONSIDERED** by this Court.

_____August 5, 2009_____          _____/s/ Joseph J. Farnan_____
           DATE                          UNITED STATES DISTRICT JUDGE